UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

**THEODORE MILLS**,                                           :
:
                           Petitioner,                        :
:                    **MEMORANDUM**
               – against –                                    :    **DECISION & ORDER**
:
**WARDEN**,                                                   :
:
                           Respondent.                        :    17-CV-03821 (AMD)
:
------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* petitioner, currently incarcerated at Eastern Correctional Facility, petitions for

a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petitioner was convicted after a bench

trial of robbery in the first degree (N.Y. Penal Law § 160.15(4)), robbery in the third degree

(N.Y. Penal Law § 160.05), and petit larceny (N.Y. Penal Law § 155.25), and sentenced as a

predicate felon to a determinate prison term of fifteen years.  The petitioner argues that that the

evidence against him was legally insufficient and that his sentence was invalid because the

sentencing court did not pronounce the minimum sentence for robbery in the third degree.  (ECF

No. 1 at 6-8; ECF No. 6 at 6.)  For the reasons that follow, the petition is denied.

**FACTUAL BACKGROUND**[1]

**I.    Overview**

On April 21, 2011, the petitioner robbed the Gulf Gas Station in Jamaica, Queens.  A

grand jury charged him with robbery in the first and third degrees, petit larceny, criminal

possession of stolen property and resisting arrest.  Following a pre-trial suppression hearing, the

---

[1] Because the petitioner was convicted, the facts are summarized in the light most favorable to the verdict.
*See Garbutt v. Conway*, 668 F.3d 79, 80 (2d Cir. 2012).  The facts are drawn from the full record of the
state court proceeding.

Honorable Richard Bucher found that the police "lacked reasonable suspicion to forcibly detain the defendant in connection with the robbery," and suppressed the physical evidence gathered from the plaintiff—including money and a bicycle peg—and the victim's identification as fruit of the poisonous tree.  (ECF No. 9-1 at 45-47.)

## II.    Trial

The petitioner waived his right to a jury and went to trial before the Honorable Ira Margulis on February 7, 2012.[2]  (ECF No. 10 at 48.)  The prosecution called six witnesses: Officer Kevin Stewart, Officer Gerard Perrone, Officer Jason Loesch, Detective Richard Thomas, complainant Khalid Rizvi, and Sprint Nextel subpoena analyst Ricardo Leal.  The prosecution established the following facts.

On April 21, 2011, Mr. Rizvi was working the night shift at the Gulf Gas Station in Jamaica, Queens.  (*Id.* at 309-10.)  As he was cleaning the coffee pots at around 1:00 a.m., the petitioner, wearing a brown sweatshirt with a black and red shirt underneath and a white face covering, came into the store.  (*Id.* at 317-19, 326.)  The petitioner walked toward the cash register, and Mr. Rizvi suspected something was "not right;" he shouted for help, ran back to the cashier booth and tried to close the door.  (*Id.* at 319-20.)  The petitioner tried to pry the door open, cursed at Mr. Rizvi and then hit him.  (*Id.* at 321.)  When the petitioner put his hand inside his pocket and pointed what Mr. Rizvi thought was a gun, Mr. Rizvi opened the door to the cashier booth and stepped back while the petitioner took money out of the register.  (*Id.* at 323-27.)  At some point, the petitioner dropped his black cell phone near the booth.  (*Id.* at 357.)

Police Officer Kevin Stewart was on uniformed patrol nearby when a man told him the gas station was being robbed.  (*Id.* at 135-37.)  He drove to the gas station and saw the petitioner

---

[2] Judge Margulis dismissed the misdemeanor charge of resisting arrest based on Judge Butcher's finding that the petitioner's arrest was unlawful.  (ECF No. 10 at 89.)

leaving; he yelled, "Yo, what's up," and the petitioner ran. (*Id.* at 138-39.) Officer Stewart followed the petitioner, who was wearing a sweatshirt over his black and red shirt, but lost sight of him when he jumped over a gate and ran into the backyard of a nearby home. (*Id.* at 138, 147-49, 152, 326.) The officer radioed that the petitioner was wanted for a robbery and gave a description. (*Id.* at 152-53, 155-56.) He then drove around the area, looking for the petitioner. (*Id.*)

Officers Perrone and Loesch heard the radio message and also began to canvass the area. (*Id.* at 183-84.) Officer Perrone spotted the petitioner, still wearing a black and red shirt; his blue jeans were ripped. (*Id.* at 185-88.) The petitioner was breathing heavily and had cuts on his hands. (*Id.*) As Officer Perrone turned to tell Officer Loesch that the petitioner might be the robber, the petitioner ran. (*Id.* at 189-91.) Officer Loesch caught up to him, arrested him, and took him to the 103rd precinct, where he put the petitioner in a cell with another prisoner. (*Id.* at 224.) As he was processing the petitioner's arrest, he overheard the petitioner tell the other prisoner, "All [they] have me on is running." (*Id.* at 225.) The petitioner asked Officer Loesch if he could call "Fred" and gave Officer Loesch Fred's number; Fred did not answer. (*Id.* at 234-35.)

Mr. Rizvi went to the police station between 1:30 a.m. and 2:00 a.m. and described the robbery to Detective Thomas. (*Id.* at 332.) When he got back to the gas station at around 3:00 a.m., he found the petitioner's cell phone near the cashier booth. (*Id.* at 333-34.) He picked it up, hit the "end" button, and saw the name "Teddy" on the front screen. (*Id.* at 335-36.) He asked his coworkers to give the phone to the police in the morning. (*Id.* at 338.)

Later that morning, Detective Thomas got the phone from the gas station manager, took it to the 103rd precinct and got a search warrant. (*Id.* at 496, 500, 509.) A search of the phone, as

3

well as information from the service provider, revealed that it was registered to the petitioner, and that it was used to make multiple calls on the day of the robbery.  (*Id.* at 433, 530.) Detective Thomas found a contact for "Fred" in the petitioner's contact list; "Fred's" phone number matched the number the petitioner gave to Officer Loesch following his arrest.  (*Id.* at 514-15.)  Text message records also showed that on the night of the robbery, the petitioner texted someone that he had "to do one job" that night and would get to that person's home around 12:00 or 12:30 a.m.  (*Id.* at 461-62.)

The defense did not call any witnesses.

## III.    Verdict & Sentencing

On February 16, 2012, Judge Margulis found the petitioner guilty of robbery in the first and third degrees and petit larceny.[3]  (ECF No. 10 at 681.)  On March 1, 2012, Judge Margulis sentenced the defendant on the first degree robbery count as a predicate felon to 15 years imprisonment followed by five years post-release supervision, to run concurrently with his other counts.  (*Id.* at 689.)  The original sentencing transcript reflects that Judge Margulis stated the following: "For your conviction of robbery in the third degree, you are to serve the maximum of which would be seven years, the minimum of and-a-half years [sic]."  (ECF No. 9-3 at 105.)  The court ran the sentence on the third degree robbery count concurrently with the sentence on the first degree robbery count.[4]

---

[3] The court dismissed the charge of criminal possession of stolen property in the fifth degree.  (ECF No. 10 at 616.)
[4] The sentence on the misdemeanor was one year, to run concurrently with the sentence for first degree robbery.  (ECF No. 10 at 697.)

## PROCEDURAL HISTORY

### I.   Direct Appeal

The petitioner, represented by counsel, appealed his conviction to the Appellate Division, Second Department.  (ECF No. 9-3 at 6.)  He argued that the evidence was legally insufficient because the "only link between him and the crime was a cell phone recovered from the scene and the prosecution did not present any evidence to show that [the petitioner] had been in possession of the phone at the time of the robbery."  (*Id.* at 11.)  He also argued that the prosecution did not prove that he "displayed" a weapon, and thus did not prove that he was guilty of first degree robbery.  (*Id.*)  Finally, he argued that his trial lawyer was ineffective because he did not ask the judge to consider robbery in the second degree as a lesser-included offense of robbery in the first degree.  (*Id.*)

On October 7, 2015, the Appellate Division unanimously affirmed the petitioner's conviction, finding that the evidence was "legally sufficient to prove the defendant's guilt." (ECF No. 9-3 at 85.)  The Court of Appeals denied the petitioner's application for leave to appeal on December 30, 2015.  (ECF No. 9-3 at 98.)

### II.   Motion to Vacate

On February 17, 2017, the petitioner, proceeding *pro se*, moved to set aside his sentence pursuant to C.P.L. § 440.20.  He argued that his sentence was invalid because the sentencing court failed to pronounce the minimum prison term for robbery in the third degree as required by C.P.L. § 380.20.  (ECF No. 9-3 at 99.)  The prosecution responded that it consulted the court reporter, whose notes "indicate that the Court did, in fact, state that the minimum term of defendant's indeterminate sentence for his third-degree robbery conviction was *three* and a half years, and that the transcript she produced contains a typographical error."  (ECF No. 9-3 at 132

(emphasis in original).)  The court reporter provided the prosecution, the petitioner and the court with a revised transcript page.  (*Id.*)

On April 10, 2017, Judge Margulis accepted the corrected sentencing transcript and denied the petitioner's motion to set aside his sentence.  (ECF No. 9-3 at 160.)  The petitioner moved for re-argument, claiming that the government submitted a "fraudulent" revised transcript.  (ECF No. 9-3 at 161-63.)  Judge Margulis denied the petitioner's motion because the petitioner did not "raise any new facts or issues which would cause" the court to "re-examine or revise" its prior decision.  (ECF No. 9-3 at 179.)  The Appellate Division, Second Department denied the petitioner's application for leave to appeal on September 12, 2017.  (ECF No. 9-3 at 230.)

### III.    Habeas Petitions

In his *pro se* habeas petition in this Court, the petitioner renewed his arguments about the sufficiency of the evidence, and that his sentence was illegal.  (ECF No. 1 at 5-8.)  On October 10, 2017, the petitioner moved to amend his petition to remove his claim about the sufficiency of the evidence on the gun possession charge because it "was not properly exhausted."  (ECF No. 6 at 13.)  I granted the petitioner's motion on October 25, 2017.  (ECF No. 15.)  For the reasons that follow, the petition for a writ of habeas corpus is denied.

### LEGAL STANDARD

A federal court reviewing a habeas petition must not "review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment."  *Coleman v.*

*Thompson*, 501 U.S. 722, 729 (1991).  This doctrine applies to both substantive and procedural state law grounds.  *Id.* at 729-30.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires a federal court reviewing a state prisoner's habeas petition to give deference to a state court's decision on the merits.  28 U.S.C. § 2254(a).  A federal court may not issue a writ of habeas corpus unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *see also Johnson v. Williams*, 568 U.S. 289, 292 (2013); *Chrysler v. Guiney*, 806 F.3d 104, 116-17 (2d Cir. 2015).

For the purposes of federal habeas review, "clearly established law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).  A state court decision is "contrary to" or an "unreasonable application of" clearly established law if the decision:  (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different than that reached by the Supreme Court on "materially indistinguishable" facts; or (3) identifies the correct governing legal rule but unreasonably applies it to the facts of the petitioner's case.  *Id.* at 412-13.  The court reviews the last reasoned state court decision.  *Ylst v. Nunnemaker,* 501 U.S. 797, 804 (1991); *Jones v. Stinson,* 229 F.3d 112, 118 (2d Cir. 2000).  The state court's factual determinations are presumed to be correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1).

A petitioner can seek federal habeas corpus relief only after he exhausts state court remedies and gives the state courts a fair and full opportunity to review the merits of the

claim.  28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).  In other

words, a petitioner must present "the essential factual and legal premises of his federal

constitutional claim to the highest state court capable of reviewing it."  *Jackson v. Conway*, 763

F.3d 115, 133 (2d Cir. 2014) (quoting *Rosa v. McCray*, 396 F.3d 210, 217 (2d Cir. 2005)).

## DISCUSSION

### I.   Sufficiency of the Evidence

An evidentiary sufficiency claim faces a "high bar" in federal habeas proceedings and is

subject to "two layers of judicial deference[;]" not only does the fact finder have broad discretion

to decide the case,[5] but a state court's decision on a sufficiency of the evidence challenge should

not be overturned unless it is "objectively unreasonable."  *Coleman v. Johnson*, 566 U.S. 650,

651 (2012).  Evidence is legally sufficient if "after viewing the evidence in the light most

favorable to the prosecution, *any* rational trier of fact could have found the essential elements of

the crime beyond a reasonable doubt."  *Jackson v. Virginia*, 443 U.S. 309, 319 (1979) (emphasis

in original) (citations omitted).

The petitioner argues that the evidence was insufficient to establish his identity as the

robber.  (ECF No. 1 at 5.)  Federal courts considering the evidentiary sufficiency of a state

conviction "must look to state law for 'the substantive elements of the criminal offense.'"

*Coleman*, 566 U.S. at 654 (citing *Jackson*, 443 U.S. at 324 n.16).  In New York, "[a] person is

guilty of robbery in the first degree when he forcibly steals property and when, in the course of

the commission of the crime or of immediate flight therefrom, he or another participant in the

crime . . . [d]isplays what appears to be a . . . firearm."  N.Y. Penal Law § 160.15.  A person is

---

[5] "[O]n direct appeal, 'it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial.  A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Coleman v. Johnson*, 566 U.S. 650, 651 (2012) (citing *Cavazos v. Smith*, 566 U.S. 1 (2011)).

guilty of robbery in the third degree when he forcibly steals property, N.Y. Penal Law § 160.05, and of petit larceny when he steals property, N.Y. Penal Law § 150.25.

Viewing the facts in the light most favorable to the prosecution, a rational trier of fact could have found that the proof established the petitioner's guilt beyond a reasonable doubt, including his identity as the robber. The petitioner was seen leaving the gas station and ran from the police. He left his cell phone at the crime scene, which was registered to him and contained the contact information of the same person he called after his arrest. This evidence was sufficient to establish the petitioner's guilt. Thus, the Appellate Division's decision was not "contrary to," or "an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d).

## II.   Sentencing

The petitioner alleges that his sentence was "illegal" because the sentencing judge did not pronounce a minimum sentence for the robbery in the third degree conviction as required by New York Criminal Procedure Law § 380.20. (ECF No. 1 at 8; ECF No. 6 at 6.) This is purely an issue of state law and is not cognizable on federal *habeas* review.[6] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *Kravitz v. Rabsatt*, No. 12-CV-719, 2014 WL 4365280, at *7 (N.D.N.Y. Aug. 28, 2014) (claim that sentencing court failed to pronounce sentencing on each count for which petitioner was convicted was "purely issue[ ] of state law and as such, [was] incognizable on federal habeas review"); *Jenkins v. Stallone*, 2015 WL 1788713, at *7 n.8 (N.D.N.Y. Apr. 17, 2015) (a claim based on an "alleged

---

[6] In the supporting facts to his amended petition, the petitioner states that the court reporter's revised transcript was "fraudulent." (ECF No. 6 at 6.) To the extent the plaintiff is attempting to claim an additional ground for habeas review, he has not alleged any violation of his federal constitutional rights.

9

failure to meet the requirements of C.P.L. 380.20" would not be cognizable on habeas corpus review because "federal habeas relief does not lie to correct errors of state law"); *Mazariego v. Kirkpatrick,* No. 16-CV-2290, 2017 WL 3206321, at *13 (E.D.N.Y. July 26, 2017) (same).  In any event, the record shows that the sentencing judge did in fact impose a minimum sentence for robbery in the third degree, a lesser included offense of first degree robbery.  As the corrected transcript confirms, the judge sentenced the petitioner as a predicate felon to an indeterminate sentence of three and a half to seven years.

## CONCLUSION

Accordingly, the petition for a writ of habeas corpus is denied in its entirety and the case is dismissed.  A certificate of appealability will not be issued.  *See* 28 U.S.C. § 2253(c).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment and close this case.

**SO ORDERED.**

s/Ann M. Donnelly
_____
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       September 28, 2020